IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY HATCHETT, | § | |
|    Movant, | § | |
| | § | No. 3:21-cv-1679-K |
| v. | § | No. 3:14-cr-340-K-13 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Respondent. | § | |

MEMORANDUM OPINION AND ORDER

On July 20, 2021, Movant Jimmy Hatchett initiated this civil action by filing a "Motion for Extenton [sic] of Time To File 28 U.S.C.S. 2255 Action And Memorandum in support thereof" (CV Doc. 2). For the following reasons, the Court will dismiss this case without prejudice for lack of jurisdiction.

Background

Following a jury trial, Hatchett was found guilty of the following charges contained in a Fifth Superseding Indictment: (1) conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (count one); (2) interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2 (count two); (3) using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (count three); and (4) kidnapping and aiding and abetting in violation of 18 U.S.C. §§ 1201(a) and 2 (counts four and five). (CR Doc. 764 at 1.)

On January 29, 2020, Hatchett was sentenced to a total term of 324 months' imprisonment. *Id.* at 2. The term consisted of 240 months on each of counts one, two, four, and five, with the terms to run concurrently, and 84 months on count three, to run consecutive to the term imposed in counts one, two, four, and five. *Id.* Hatchett was ordered to pay restitution in the amount of $370,718.72. *Id.* at 7. He appealed his case to the Fifth Circuit Court of Appeals. (CR Doc. 766.) On September 30, 2020, the Fifth Circuit affirmed this Court's judgment. (CR Doc. 830.) On July 20, 2021, the Court received Hatchett's "Motion for Extenton [sic] of Time To File 28 U.S.C.S. 2255 Action And Memorandum in support thereof" (CV Doc. 2).

## Discussion

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The exercise of federal jurisdiction under the Constitution therefore "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (quotation marks and bracket omitted). A federal district court lacks jurisdiction to entertain a motion for extension of time within which to file a § 2255 motion because it presents no case or controversy and would result in the rendering of an advisory opinion. *See United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (per curiam) ("The district court lacked jurisdiction to entertain [the]

2

motion for extension of time to file a § 2255 motion.") (citing *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000)); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. 2005) (per curiam) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (quoting *Leon*, 203 F.3d at 163); *United States v. Shipman*, 61 F. App'x 919 (5th Cir. 2003) (per curiam) ("Before the petition itself is filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal quotation marks omitted).

In Hatchett's "Motion for Extenton [sic] of Time To File 28 U.S.C.S. 2255 Action And Memorandum in support thereof," he claims that he needs additional time to prepare his § 2255 action. He represents that his prison was on secure cell, or lockdown, from around March 2020 to May 2021 due to the COVID-19 pandemic. Hatchett claims that this has interfered with his ability to access the law library and the research materials he needs to prepare his § 2255 motion. However, Hatchett's request for additional time within which to file his § 2255 motion must be dismissed because this Court lacks jurisdiction to address it. In sum, Hatchet's request fails to present a case or controversy, and for this reason, any decision rendered by this Court would be an impermissible advisory opinion.

## Conclusion

For the foregoing reasons, Hatchett's case is DISMISSED without prejudice for lack of jurisdiction.

SO ORDERED.

Signed August 3rd, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE